IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM H. BURNETTE, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:09cv336 |
| JOHN B. FOX | § | |

## MEMORANDUM OPINION

Petitioner William H. Burnette, Jr., an inmate confined at the Federal Correctional Complex at Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Factual Background

In 2005, pursuant to a plea of guilty entered in the United States District Court for the Eastern District of Virginia, petitioner was convicted of assault resulting in serious bodily injury. He was sentenced to 71 months imprisonment. The conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit. *United States v. Burnette*, 233 Fed.Appx. 302 (4th Cir. 2007).

## Grounds for Review

Petitioner asserts the following grounds for review: (a) the government breached the plea agreement; (b) the sentencing court abused its discretion by increasing petitioner's offense

level based on obstruction of justice and (c) the sentencing court improperly created a hostile situation that contributed to the government breaching the plea agreement.

## Analysis

Petitioner is not challenging the method in which his sentence is being executed. Instead, petitioner is attacking his sentence as it was imposed by the trial court. While a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 is the proper method for challenging the manner in which a sentence is being executed, *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992), a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 is normally the proper method for challenging a conviction or sentence itself. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990) ("Section 2255 provides the primary means of collateral attack on a federal sentence."). There is one exception to this general rule. A prisoner may utilize Section 2241 as a vehicle for attacking a conviction or sentence if it appears the remedy afforded by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.[1] However, as a petition filed pursuant to

---

[1] The fifth paragraph of Section 2255 provides as follows: (a) "An application for writ of habeas corpus in behalf of a prisoner who is authorized

2

Section 2241 may not be used merely as a substitute for a motion to vacate filed under Section 2255, the burden is on the petitioner to come forward with evidence to show the inadequacy or ineffectiveness of a motion filed under Section 2255. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The United States Court of Appeals for the Fifth Circuit has recognized one circumstance in which Section 2255 is inadequate to test the legality of a prisoner's detention. In *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), the Fifth Circuit held Section 2255 was inadequate or ineffective with respect to a claim which: (a) is based on a retroactively applicable Supreme Court decision which establishes the petitioner may have been convicted of a nonexistent offense and (b) was foreclosed by established circuit law at the time when the claim should have been raised during the petitioner's trial, direct appeal or initial motion to vacate filed under Section 2255.

Petitioner's grounds for review do not meet the test set forth in *Reyes-Requena*. His ground for reviews are not based on

---

to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

3

a retroactively applicable Supreme Court decision which demonstrates he was convicted of a nonexistent offense. Accordingly, petitioner has not demonstrated Section 2255 is inadequate to challenge his detention with respect to his grounds for review. His grounds for review therefore may not be asserted in a Section 2241 petition.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus will be denied. A final judgment shall be entered in accordance with this memorandum opinion.

**SIGNED** this the 7 day of **May, 2009.**

_____
Thad Heartfield
United States District Judge